IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| ROBERT CASPER, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:04-CV-0344 |
| | § | |
| NATHANIEL QUARTERMAN, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## REPORT AND RECOMMENDATION
## TO DISMISS PETITION FOR A WRIT OF HABEAS CORPUS

Petitioner ROBERT CASPER filed with this Court a Petition for a Writ of Habeas Corpus by a Person in State Custody wherein he appeared to be seeking immediate release from custody to parole. At the time he filed his habeas application, petitioner was confined pursuant to three (3) January 21, 1992 convictions for the felony offenses of possession of forged documents out of the 102nd Judicial District Court of Bowie County, Texas, and the resultant 15-year concurrent sentences.

On February 18, 2005, the undersigned issued a Report and Recommendation finding the decision to release an inmate to parole is left solely to the discretion of the Texas Board of Pardons and Paroles, and that such discretion precludes a finding that an inmate has a constitutionally protected right to release on parole. The undersigned thus recommended petitioner's federal habeas application be dismissed for failure to present a cognizable constitutional issue.

On March 1, 2005, petitioner filed objections to the Report and Recommendation wherein

he asserted the facts of his case created an expectancy of petitioner's release to parole and, therefore, a liberty interest in his release to parole existed.  Petitioner contended such liberty interest accrued because of a January 28, 2004 Texas Board of Pardons and Paroles (the Board) letter sent giving petitioner notice that the Board had decided to conditionally release petitioner upon his successful completion of a rehabilitation program and his ability to meet any other requirements of the Board.  On June 1, 2004, the Board withdraw its previous decision approving petitioner's release to parole and voted that petitioner should serve all of his sentence based on its discovery that petitioner had received major disciplinary cases on May 5, 2003 and September 15, 2003 for refusing or failing to obey orders, stealing, and use of indecent or vulgar language or gestures, all of which predated the January 28, 2004 letter.  On June 7, 2004, the Board notified petitioner of its decision not to grant parole and to designate his case as a serve-all, citing as the reason for denial: "The record indicates that the inmate committed a major disciplinary offense during the preceding six months resulting in a loss of good conduct time or loss of status below that at which the inmate entered prison; a pattern of disciplinary infractions since the last review indicates a disregard for rules."  In his objections to the Report and Recommendation, petitioner argued the reason stated by the Board for its denial of parole was erroneous and/or fictitious because petitioner did not receive a major disciplinary offense "during the preceding six months," and that he did not engage in a pattern of disciplinary infractions since his last parole review that indicated a disregard for the rules.

  On March 4, 2005, the undersigned ordered respondent to answer petition's habeas application, specifically addressing the issues petitioner raised in his objections.  On June 13, 2005, respondent filed an answer acknowledging petitioner did not have any major disciplinary cases in the six months prior to the June 7, 2004 letter and, therefore, the Board's June 7 letter was technically inaccurate.  Respondent noted, however, that petitioner did have major disciplinary cases prior to the January 28, 2004 notice of its decision to grant petitioner parole upon his

successful completion of the rehabilitation program and that the Board was apparently unaware of petitioner's prior disciplinary history at the time it made the decision to grant petitioner's conditional release.[1]  Respondent thus argued the grounds for the Board's decision to withdraw petitioner's release to parole were not fabricated or false as argued by petitioner.  Respondent further argued petitioner had no constitutional right to release on parole, and no liberty interest in being reviewed for parole at a certain time interval.  Respondent concluded that as petitioner had no federally-protected interest in early release from prison, he had failed to state a claim for which federal habeas relief could be granted.

On June 17, 2005, petitioner filed a reply to respondent's answer arguing therein that the Board's language stating that he *would be* released in June 2004 upon his successful completion of the rehabilitation program created an expectancy of parole.  Petitioner also argued that even if the Board erred in failing to discover his previous disciplinary actions prior to making the decision to release him, that they should still be held to their decision to release him, noting again that the reason stated for the Board's withdrawal of its decision to release him, *i.e.*, that petitioner received a major disciplinary case during the six (6) months preceding the withdrawal, was based on an inaccurate statement.

I.
MERITS OF PETITIONER'S ALLEGATION

Federal habeas relief cannot be granted unless the petitioner "has been deprived of some right secured to him by the United States Constitution or the laws of the United States."  *Teague v. Quarterman*, 2007 WL 841600 at *4 (5th Cir. March 21, 2007) (quoting *Hillard v. Bd. of Pardons & Paroles*, 759 F.2d 1190, 1192 (5th Cir. 1985)).  Here, petitioner's habeas application is premised on

---

[1] Petitioner received an additional disciplinary on May 12, 2004 but no good time or time-earning status was lost.

the claim that the notice he received from the Board advising him of the Board's decision to grant parole provided him with a protected liberty interest in his release to parole in January 2004.

The undersigned finds the January 28, 2004 notice of the Board's decision to grant petitioner parole following his completion of a rehabilitation program did not create a constitutional right to, unqualified expectancy of, or liberty interest in obtaining, parole. The decision to grant parole was specifically made subject to withdrawal and was conditional, requiring that petitioner maintain a satisfactory institutional adjustment, cooperate with Rehabilitation Program staff, comply with Rehabilitation Program guidelines, reach the target date, satisfactorily complete the Rehabilitation Program, and meet any other requirements specified by the Board. Petitioner was further advised the Board could revise its parole decision at any time if additional information was received which the Board determined to be sufficient to withdraw parole. The decision of whether to ultimately release petitioner to parole was thus still subject to the discretion of the Board, and was not in any means mandatory or predictive. The undersigned thus finds no constitutional expectancy of parole was created as a result of the Board's January 28, 2004 notice to petitioner that it intended to release him to parole in June 2004. Again, as noted in the initial Report and Recommendation, parole is within the total and unfettered discretion of the State and, thus, there is no right or constitutional expectancy of early release on parole in Texas. *See id.* at *4. Here, as with its initial review and decision to grant petitioner parole, the Board maintained discretion in deciding whether to ultimately release petitioner upon subsequent review.

Further, as explained above, the Board was advised of major disciplinary cases petitioner received prior to petitioner's initial parole review, but which apparently were inadvertently overlooked during the review, and found such disciplinary record was sufficient to withdraw its

prior decision to grant parole. As the basis for its subsequent denial of said parole, the Board listed the inaccurate statement in its letter notice to petitioner that the decision to withdraw the approval for his release was based on his receiving major disciplinary cases within the preceding six months. To the extent, if any, petitioner claims he was denied due process as a result of this inaccurate statement, petitioner's claim is without merit. The Board's inaccurate statement does not render the Board's action withdrawing its prior parole approval unconstitutional. Although the reason stated was erroneous, the Board acted within its discretion in withdrawing its approval based upon petitioner's disciplinary cases. Moreover, as determined above, petitioner's did not have a protected liberty interest in his release to parole and, therefore, was not entitled to due process in any determination to deny him parole.

To the extent petitioner claimed he was entitled to immediate release from confinement to parole, his claim did not provide a basis for federal habeas corpus relief as no constitutional violation had occurred. The findings previously made in the initial Report and Recommendation stand. Petitioner has failed to present a cognizable constitutional claim and his petition should be DISMISSED.

## II.
## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the petition for a writ of habeas corpus filed by petitioner ROBERT CASPER be DISMISSED.

## III.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and

Recommendation to each party by the most efficient means available.

      IT IS SO RECOMMENDED.

      ENTERED this <u>1st</u> day of May 2007.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## * <u>NOTICE OF RIGHT TO OBJECT</u> *

      Any party may object to these proposed findings, conclusions and recommendation. In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(B), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(D). When service is made by mail or electronic means, three (3) days are added after the prescribed period. Fed. R. Civ. P. 6(e). Therefore, any objections must be <u>filed</u> **on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

      Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).